## Warren G. Engle, Claimant and Interpleader, Appellant *v.* D. T. Stayman.

*Sheriff's Interpleader—Evidence—Sufficiency.*

In the trial of a sheriff's interpleader, judgment in favor of

**530**          ENGLE, Appel., *v*. STAYMAN.

Syllabus—Statement of Facts.     [86 Pa. Superior Ct

the execution creditor will be sustained, notwithstanding that the only direct testimony as to the transaction was that in favor of the plaintiff. The credibility of witnesses is, generally, for the tribunal constituted by the law to try the facts. Neither judge nor jury may capriciously disregard the testimony, but their opportunity to observe the witness is an important element to be considered. Where an examination of the record leads to the conclusion that the testimony in behalf of the claimant was not so clear and convincing that it should have compelled the trial judge to adopt it as a statement of fact, judgment in favor of the execution creditor will be sustained.

Argued October 12, 1925. Appeal No. 44, October T., 1925, by plaintiff, from judgment of Municipal Court of Philadelphia, March T., 1923, No. 286, in the case of Warren G. Engle, Claimant and Interpleader, v. D. T. Stayman. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Sheriff's interpleader to determine title to personal property. Before BONNIWELL, J. without a jury.

The facts are stated in the opinion of the Superior Court.

The Court below filed the following opinion:

The Court finds for the defendant as to Warren G. Engle, claimant, in the sum of $678 on the ground that his title is based exclusively upon an alleged gift from his parent which, in the opinion of the Court, is a mere subterfuge to defeat the defendant's claim in the interpleader.

The Court finds in favor of Sadie E. Engle and Martha G. Quinn, the other claimants, because of the fact their testimony satisfies the Court that the business to which they lay claim belongs to them as a separate and independent venture apart from any business of the father and husband.

The claimant, Warren G. Engle, appealed.

*Wm. W. McKin,* for appellant.

*Edwin Fischer,* and with him *Abraham M. Rose* and *George W. Carr,* for appellee.

PER CURIAM, October 26, 1925:

This is a sheriff's interpleader proceeding. Stayman, the defendant in the issue, issued execution upon a judgment which he held against the father of the plaintiff, whereupon the plaintiff claimed the property levied upon. The case was tried before a judge of the court below without the intervention of a jury, and the finding was in favor of the defendant in the issue, which finding is the subject of the second assignment of error. The claimant testified that his father had given him the property. The judge who tried the case did not believe the testimony and thus stated his finding: "The court finds for the defendant as to Warren G. Engle, claimant, in the sum of $678 on the ground that his title is based exclusively upon an alleged gift from his parent which, in the opinion of the court, is a mere subterfuge to defeat the defendant's claim in the interpleader." Was the judge warranted in so finding notwithstanding the only testimony as to the transaction was that in favor of the claimant? The credibility of witnesses is, generally, for the tribunal constituted by the law to try the facts. Neither judge nor jury may capriciously disregard the testimony, but in cases of the character of that with which we are now dealing their opportunity to observe the witness is an important element to be considered. An examination of the testimony of the claimant has led us to the conclusion that it was not so clear and convincing that it ought to have compelled the trial judge to adopt it as a statement of fact. The whole story of the claimant was such as to warrant the conclusion that the arrangement between him and his father was made for the purpose of defeating the creditors of the latter. The assignments of error are dismissed.

The judgment is affirmed.